# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LATOYA PITTS, | ) |
| Plaintiff, | ) |
| | ) No.  1:10-cv-835 |
| vs. | ) |
| | ) |
| PN CREDIT SERVICES, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LATOYA PITTS, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, PN CREDIT SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Fairfield, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Massachusetts, which is not licensed to do business in Ohio and which has its principal place of business in Stoughton, Massachusetts.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. Beginning on or about June 14, 2010, Defendant's representatives and/or employees, including but not limited to an individual who identified himself as Chris Owens, began contacting by telephone in attempts to collect the aforementioned alleged debt.

8. During the aforementioned telephone calls, Defendant's representatives and/or employees threatened to initiate a lawsuit against Plaintiff, despite the fact that the Defendant is not a law firm nor would Defendant have the legal standing to take such an action.

9. Defendant's representatives and/or employees also made referenced to Plaintiff to certain attorneys who supposedly worked for Defendant in the collection process, thereby falsely representing or implying that they were communicating on behalf of attorneys.

10. Further, Defendant's representatives and/or employees falsely told Plaintiff that she had no legal right to request verification of the alleged debt.

11. On or about July 2, 2010, Plaintiff mailed a letter to Defendant requesting that all communications from the Defendant to her cease.

12. However, Defendant's representatives and/or employees continued to contact Plaintiff in further attempts to collect the alleged debt, despite Plaintiff's request.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    b. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    d. Continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LATOYA PITTS, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, LATOYA PITTS, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com